UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

R.M.,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

Case No.  1:26-cv-01440-DAD-CSK

FINDINGS AND RECOMMENDATIONS

Petitioner R.M.,[1] a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment and violates statutory authority.  (Id. (claims one and two).)  Petitioner also brings a claim for violation of the Administrative Procedure Act.  (Id. (claim three).)  For the following reasons, this Court recommends that the petition be granted as to claims one and two.

/ / /

/ / /

---

[1]  On February 20, 2026, the district court granted petitioner's unopposed motion to proceed under a pseudonym based on a finding of good cause.  (ECF Nos. 3, 9.)

1

## I.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.    DISCUSSION[2]

On February 19, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On the same date, the district court ordered respondents to file an opposition to the motion for temporary restraining order and substantively address whether any provision of law or fact in this case would distinguish it from the district court's decisions in Perez v. Albarran, 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025) and O.A.C.S. v. Wofford, 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), and other similar cases decided by the district court, or otherwise indicate that the matter is not substantively distinguishable.  (ECF No. 7.)  On February 19, 2026, respondents filed an answer to the petition and opposition to injunctive relief.  (ECF No. 8.)  In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225, but also stated that there are no significant factual or legal issues in this case that materially distinguish it from the district court's prior orders in Perez v. Albarran, 2025 WL 3187578 and O.A.C.S. v. Wofford, 2025 WL 3485221.  (ECF No. 8 at 1-2.)  On February 20, 2026, the district court noted respondents' concession that there are no

[2]  The factual and procedural background previously presented in the district judge's February 20, 2026 order is incorporated herein.  (See ECF No. 9.)

2

significant factual or legal issues in this case that materially distinguish it from the district court's prior orders in the two cases cited in the February 19, 2026 order, converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction, and granted the injunction. (ECF No. 9.) In addition to granting petitioner's immediate release on the same conditions he was subject to immediately prior to his re-detention, the district court enjoined and restrained respondents from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate a change in circumstances justifying petitioner's re-detention. (Id.) In addition, the district court held that petitioner was not required to post bond pursuant to Federal Rule of Civil Procedure 65(c). (Id.) The district court referred this action to the assigned Magistrate Judge for further proceedings. (ECF No. 10.)

On March 4, 2026, in response to this Court's order requiring respondents to file a status report, respondents stated with respect to the merits of the petition, they stand on the pleadings already submitted in this case. (ECF No. 12.) Briefing is closed. (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that 8 U.S.C. § 1226(a) applies and that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing (claims one and two). See Perez v. Albarran, 2025 WL 3187578 and O.A.C.S. v. Wofford, 2025 WL 3485221. Because the resolution of the first and second claims provide the relief requested, the Court need not reach the third claim. Respondents' alternative request that this matter be stayed pending a ruling by the Ninth Circuit in Rodriguez v. Bostock, No. 25-6842 (9th Cir.) should be denied because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country. This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that

3

petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.

### III.    CONCLUSION

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 18, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, m1440.26

4